IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHARON McMILIAN, on behalf of       :
SHACURTIS S. McMILLIAN DAILEY,      :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :       CIVIL ACTION 12-0449-CG-M
                                    :
MICHAEL J. ASTRUE,                  :
Commission of Social Security,      :
                                    :
     Defendant.                     :

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children. The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  It is recommended that this action be dismissed for Plaintiff's failure to prosecute this action and follow the Orders of the Court.

Plaintiff filed this action on July 12, 2012 (Doc. 1).  In an Order entered the next day, the following instructions were given:  "Within thirty (30) days of the filing of the transcript and answer, counsel for Plaintiff must file, and serve on opposing counsel, a Brief and Fact Sheet which lists the

specific errors upon which plaintiff seeks reversal of the Commissioner's decision (see sample Brief and Fact Sheet, Attachments A and B)" (Doc. 5, ¶ 3).  The Answer and transcript were filed on October 15, 2012 (Docs. 10-11); however, Plaintiff did not file her Brief as ordered.  On November 28, the Court entered an Order instructing Plaintiff to file a social security brief, as previously ordered, not later than December 12 "or this action [would] be dismissed for failure to prosecute this action and obey the Orders of the Court" (Doc. 12).  On December 5, Plaintiff filed a Fact Sheet (Doc. 13).  As of this date, Plaintiff has not filed a brief, informing the Court of the claims she wishes to bring in this Court.

Therefore, it is recommended that this action be dismissed for Plaintiff's failure to prosecute this action and obey the Orders of the Court.  It is further recommended that judgment be entered in favor of Defendant, Michael J. Astrue, and against Plaintiff Sharon McMillian, on behalf of Shacurtis S. McMillian Dailey.

MAGISTRATE JUDGE=S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo*

determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. ' 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. ' 636(b)(1)(A), by filing a AStatement of Objection to Magistrate Judge=s Recommendation@ within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge=s recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge=s recommendation cannot be appealed to a Court of Appeals; only the district judge=s order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. ' 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of December, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE